133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary R. EITEL ex rel United States of America, Plaintiff-Appellant,
v.
PORT OF BREMERTON, a municipal corporation; Kenneth W.
Attenbery; Fred S. Schoneman; Dick Feek; Mary
Ann Huntington, Defendants-Appellees.
 No. 96-36265.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1997.
Dec. 24, 1997.
 
 Before WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The well stated order of the district court, granting the motion to dismiss, is correct. Because public disclosure is conceded, the case turns on whether Eitel was an "original source." 31 U.S.C. § 3730(e)(4)(A). In order to have been an original source, he would have to have had "direct and independent knowledge." 31 U.S.C. § 3730(e)(4)(B). On those pieces of information that were relevant to the allegations in his complaint, his knowledge was not "direct and independent."
 
 
 3
 Eitel had second hand information that the commissioners' priorities put other things ahead of runway extension. We have held that where relators "did not see the fraud with their own eyes or obtain their knowledge of it through their own labor unmediated by anything else, but derived it second hand" from an employee, they fail the statutory "direct and independent knowledge" requirement. United States ex rel. Devlin v. State of California, 84 F.3d 358, 361 (9th Cir.1996). To the extent that Eitel's information was relevant to his allegations of fraud, Devlin controls.
 
 
 4
 Eitel's claim that industrial tenants received more favorable rental rates than aviation tenants does not suffice for jurisdiction on the alternative grounds of irrelevance and also lack of direct and independent knowledge, Eitel's claim that a real estate developer, Jones, told Eitel that the Port had offered Jones money from FAA funds to assist his development efforts is second hand in the same way as the information in Devlin. Eitel's allegation about the commissioner's proposed purchase of the Porter property could qualify as independent knowledge only if he learned of it "independently of. its public disclosure." See Hagood v. Sonoma County Water Agency, 81 F.3d 1465, 1476 (9th Cir.1996). He learned of it listening at the door of a public meeting the minutes of which were available to the public, so he was not an original source as to the matter. Eitel's "pet projects" information was not "direct and independent knowledge" as construed by Devlin, because according to his claim, it is something Addington told him. Also, the master plan itself disclosed the Port's plans and was a public document. Nor is the relevance of commissioners' pursuing pet projects to Eitel's charges of fraud clear.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The parties are familiar with the facts, and we will not restate them here